IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                          OPINION AND ORDER

            Plaintiff,

                                          08-cr-88-bbc

    v.

JOSE LUIS QUINTERO,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       This criminal case is before the court on the government's motion for amendment of the November 20, 2008 judgment and commitment order to include an order of forfeiture I omitted from the oral pronouncement of sentence and the written judgment. The government's motion raises the question whether such an amendment qualifies as a correction of a clerical error permitted under Fed. R. Crim. P. 36(a) when the sentencing judge does not include in either the oral or written sentence any reference to a forfeiture but the defendant has agreed to the forfeiture in his plea agreement and a preliminary order of forfeiture has been entered.

       Defendant Jose Luis Quintero was charged in a one-count indictment with conspiracy to possess more than 500 grams of cocaine with the intent to distribute it. The indictment

1

alleged the forfeiture of a 1983 Chevrolet Caprice. On September 9, 2008, defendant entered a plea of guilty to the indictment under the terms of a plea agreement with the government in which he agreed to forfeit the car. On September 22, 2008, I entered a preliminary order of forfeiture. At sentencing on November 19, 2008, however, I never said anything about the forfeiture in the course of the sentencing hearing or memorialized it in the judgment and commitment order entered on November 20. The government did not call the matter to my attention before or during sentencing, but moved on November 26 for amendment of the judgment to include the order of forfeiture. Defendant objects to any amendment that would require him to forfeit the car.

Resolution of the motion rests on the interpretation of Fed. R. Crim. P. 36, which permits the court to correct a "clerical" error in a judgment at any time, after giving appropriate notice. The parties have had notice; the only question now is whether the failure to include a reference to forfeiture in the sentence is a clerical or substantive error. The circuits are in disagreement, but the majority have come down on the side of treating the failure to include a forfeiture in the sentence and in the judgment as a clerical error when the defendant has agreed to the forfeiture in his plea agreement and the court has entered the preliminary order of forfeiture.

In United States v. Bennett, 423 F.3d 271, 279-81 (3d Cir. 2005), for example, the Court of Appeals for the Third Circuit held that the omission of any reference to forfeiture

2

in the oral pronouncement of sentence and in the written judgment and commitment order was a clerical error that could be amended under Rule 36 at any time after the defendant's sentencing. Bennett had stipulated to forfeiture of $42,020 in drug proceeds and the court had granted the government's motion for a preliminary order of forfeiture, but had not referred to the forfeiture at the sentencing hearing or made any reference to it in the written judgment. After Bennett appealed unsuccessfully from his sentence, he filed a motion for return of property, to which the government responded by moving for amendment of the judgment and conviction to include a forfeiture order. The court denied Bennett's motion and granted the government's, leading Bennett to appeal once again.

In deciding the second appeal, the Third Circuit canvassed the law of criminal forfeiture, concluding that the sentencing court was authorized to correct the sentence under Rule 36, despite the passage of three years since the sentencing and the fact that the sentencing court had never referred to forfeiture in its oral pronouncement. The court of appeals adopted Professor Moore's definition of "clerical error" as "a failure to accurately record a statement of action by the court or one of the parties." 26 James Wm. Moore et al., Moore's Federal Practice ¶ 636.02(2) (3d ed.). It held that the term did not include "an additional term of imprisonment, fine, or imposition of costs," Bennett, 423 F.3d at 279, but that it could cover "an obviously warranted order of forfeiture." Id. Such a correction was clerical in nature: no substantive rights were at issue because the sentencing court had

3

entered a preliminary order of forfeiture before the sentencing took place and the defendant was aware that forfeiture would be ordered.  Id.  In support of its conclusion, the court cited United States v. Hatcher, 323 F.3d 666, 673-74 (8th Cir. 2003), a case in which the Eighth Circuit held that because the sentencing court had entered a preliminary order of forfeiture against the defendant, Rule 36 authorized the court to correct the judgment to include forfeiture four months after it had sentenced the defendant without mentioning the subject. The Third Circuit found additional support in an unpublished decision from the Fourth Circuit, United States v. Mitchell, 70 Fed. Appx. 707, 714 (4th Cir. 2003), holding that the failure to include the forfeiture in a judgment was a purely ministerial error when the defendant is aware of the forfeiture during the entire proceedings and raises no objection to it.  The Third Circuit also cited United States v. Ferrario-Pozzi, 368 F.3d 5, 9 (1st Cir. 2004), a case in which the First Circuit allowed an amendment under Rule 36 when the sentencing court had never mentioned forfeiture in its sentencing remarks but the defendant had been aware throughout the proceedings that he would have to forfeit at least $2 million.

In a case decided shortly after Bennett, the First Circuit reaffirmed its holding in Ferrario-Pozzi.  In United States v. Yeje-Cabrera, 430 F.3d 1 (1st Cir. 2005), the court held that the failure of the sentencing court to say explicitly that it was ordering certain property forfeited in the oral pronouncement of sentence and to make no mention of it in the written judgment did not relieve the defendant of his obligation to forfeit the property.  A jury had

4

found that Yeje-Cabrera had derived the property directly or indirectly, as a result of the conspiracy to possess cocaine with intent to distribute; the government had moved for a preliminary order of forfeiture two months after the jury verdict; and the court had granted the motion two days before the sentencing. At sentencing, the court said only that it was "allow[ing] the government's recommendation for forfeiture." The court of appeals found that "[t]here may be occasions when violations of Rules warrant a remedy of reversal. But the portion of Rule 32.2 which was violated here is largely a housekeeping rule and does not itself go to any fundamental rights of defendants." Id. at 15.

As the Third Circuit acknowledged in Bennett, 423 F.3d at 280, the Eleventh Circuit takes a stricter view of "correcting" judgments. In United States v. Pease, 331 F.3d 809 (11th Cir. 2003), the court of appeals declared a district court's effort to correct a judgment to include a forfeiture a misuse of Rule 36, amounting to a modification of "the defendant's sentence in a substantive way." Id. at 816. Despite this opposing view, the Third Circuit threw in its lot with the First and Eighth Circuits, resting its decision on the lack of any unfairness to the defendant, who had "had every opportunity to dispute the forfeiture order, and never did so. The shared and clearly expressed intent of the prosecution, the defense, and the District Court itself was to impose an order of forfeiture." Bennett, 423 F.3d at 281.

Although the Seventh Circuit has not addressed the particular circumstances present

5

in this case, two decisions suggest strongly that the court would follow the majority position. In <u>Young v. United States</u>, 489 F.3d 313 (7th Cir. 2007) (per curiam), the court held that a defendant had no standing to challenge the forfeiture of assets not itemized in the judgment of conviction but identified as substitute assets in the preliminary and final orders of forfeiture. The court held that Young was attempting to challenge a component of his sentence and that his failure to do so in the course of his initial appeal closed the door to any further challenges. Young contended that the assets were never forfeited because they were not part of the judgment of conviction and cited <u>Pease</u>, 331 F.3d at 811, 813-15, in support of his position. The court said, first, that Young's judgment was hardly silent, since it required him to forfeit $6 million, <u>Young</u>, 489 F.3d at 316. Second, in dicta, it said that it had "suggested disagreement with the conclusion that a failure to incorporate the order of forfeiture into the judgment of conviction undermines a criminal forfeiture." <u>Id.</u> For this proposition, it cited <u>United States v. Apampa</u>, 179 F.3d 555, 557 (7th Cir. 1999) (per curiam), in which it had held that the district judge's specification of the defendant's punishment in two documents (one for forfeiture and one for the term of imprisonment) did not affect the time to appeal. In addition, it cited with approval the First Circuit's statement in <u>Yeje-Cabrera</u>, 430 F.3d at 15, that the requirement that forfeiture be incorporated into the judgment of conviction is "largely a housekeeping rule," and the statement in <u>Bennett</u>, 423 F.3d at 282, that the failure to mention criminal forfeiture at sentencing or in the

judgment of conviction did not invalidate a forfeiture that otherwise complied with statutory requirements.

I conclude from the Young and Apampa decisions that the Court of Appeals for the Seventh Circuit would view an amendment of the judgment and commitment order in this case as the correction of a clerical error, permitted under Rule 36. Accordingly, I will grant the government's motion to amend the November 20, 2008 judgment to reflect the order of forfeiture to which defendant agreed.

ORDER

IT IS ORDERED that the motion of plaintiff United States of America for amendment of defendant Jose Luis Quintero's judgment and commitment order to include an order of forfeiture of the 1983 Chevrolet Caprice (VIN 2G1AN69H4D1127712) is GRANTED.

Entered this 31st day of December, 2008.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge

7